## No. 5119.

### JOSEPH BILLGERY *v.* JACOB SCHNELL and MARTIN JOACHIM.

Admitting that a debtor should have intended to defraud his creditors by the sale of his property, yet it is essential that the purchaser should be a party to the fraud in order that the sale be set aside. The declaration of the notary that the cash payment had been made in his presence, which declaration is not contradicted by any positive testimony, would outweigh the assertions of witnesses as to the purchaser's want of funds. It is a difficult matter for one man to tell what amount of money is or is not in his neighbor's pocket.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Hornor & Benedict,* for plaintiff and appellee. *Braughn & Buck,* for Joachim, defendant and appellant.

MORGAN, J: Plaintiff sold to the defendant merchandise amounting to about $700, in full payment of which he took his two promissory notes for $305 each, dated first April, 1873, and payable sixty and ninety days after date. He also indorsed two notes of the defendant's, one for $500, dated October 1, 1872, and payable one year after date, and the other for $600, dated October 9, 1872, and payable one year after date.

The first note for $305 not having been paid at maturity, the plaintiff instituted this suit, in which he asks for judgment against the defendant for $1805, and upon his averment, supported by affidavit, that by public act on the thirtieth May, 1873, the defendant sold his property and stock in trade to Martin Joachim for a nominal consideration, with the intent of defrauding him, petitioner, all of which was done to conceal his property from his creditors, and to defraud them of their just claims, he obtained an attachment and seized the property sold to Joachim. Subsequently he filed a supplemental petition, in which, reiterating the allegations of the original petition, he avers that the sale made by defendant to Joachim is fraudulent and simulated, and therefore null and void. He prays for citation against Joachim and a decree annulling the sale.

The district judge annulled the sale and decreed the property to belong to Schnell, and rendered judgment against him for $1805, with privilege on the property attached. Joachim alone has appealed.

The sale from Schnell to Joachim was made by public act on the thirtieth May, 1873, the terms being $3500, in part payment whereof he presently paid in ready money $2000, and for the balance gave his promissory notes at six, twelve and eighteen months. Immediately after the sale he took possession of the property, and remained in possession thereof until it was taken by the sheriff in obedience to the writ of attachment which issued on the fourth June following.

The evidence does not satisfy us, as it did the district judge, that the sale was a fraudulent or a simulated one in so far as Joachim is con-

cerned. Schnell may have intended to defraud his creditors, but we do not see that Joachim was a party to the fraud, and this would be essential in order that the sale should be set aside. Neither do we find that the sale was a mere simulation. Some witnesses swear that Joachim had no means, it is true. But it is a difficult matter for one man to tell what amount of money is or is not in his neighbor's pocket. The declaration of the notary that the cash payment had been presently made, which declaration is not contradicted by any positive testimony, would outweigh the assertions of witnesses as to his impecuniosity, and the fact, established by the plaintiff, that immediately after the sale he went to California and embarked in business there, he having already established that he was in embarrassed circumstances, would corroborate the defendant's assertions and the notary's declaration that the sale was a serious one.

It is therefore ordered, adjudged and decreed that the judgment of the district court, in so far as it relates to the defendant, Joachim, be avoided, annulled and reversed; and it is now ordered that there be judgment in favor of said defendant, Joachim, with costs in both courts.

Rehearing refused.